**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CONSUMER DIRECTED CHOICES, INC.,

                        Plaintiff,

                        -v-                                                1:25-CV-00868 (AJB/DJS)

PUBLIC PARTNERSHIPS, LLC,

                        Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

## DECISION & ORDER

**I.    INTRODUCTION**

Consumer Directed Choices ("CDChoices") commenced this action on July 1, 2025, asserting claims for breach of contract, defamation, injurious falsehood, tortious interference with prospective contractual relations, deceptive trade practices under New York General Business Law § 349, and requesting declaratory judgment.  Compl., Dkt. No. 1 at 20–27; *see also* Am. Compl. Dkt. No. 14-9 at 20–28.  On July 15, 2025, CDChoices filed an Amended Complaint and moved for a temporary restraining order and preliminary injunction against Public Partnerships, LLC ("PPL").  *See* Dkt. Nos. 14, 15.  Concurrently, CDChoices submitted a Motion to Seal portions of the two documents listed above and Exhibit C to the Amended Complaint.  Dkt. No. 16-1 at 1–2.

On July 25, 2025, PPL opposed the emergency motion and, separately, requested the Court seal in part PPL's accompanying opposition memorandum, the declaration of Deborah

Drexler, and Exhibit F to that declaration, highlighting that its "request is in line with the Motion to Seal filed by CDChoices[.]" Dkt. No. 37-1 at 1. CDChoices filed a reply on July 28, 2025, alongside a motion to seal the filing and its accompanying supplemental declaration. Dkt. No. 41 at 1. On August 29, 2025, PPL filed a motion to dismiss and corresponding motion to seal the filing. Dkt. Nos. 48, 49.

For the following reasons, the motions to seal (Dkt. Nos. 16, 37, 41, 49) are **DENIED**.

## II.   DISCUSSION

The information CDChoices and PPL wish to have redacted must satisfy the Second Circuit's standard for sealing: "a three-step process for determining whether documents should be placed under seal." *Hedgeye Risk Mgmt., LLC v. Dale*, 2023 WL 4235768, at *2 (S.D.N.Y. June 28, 2023). "[F]irst, the Court determines whether the relevant document is a 'judicial document,' to which a presumption of public access attaches; second, the Court determines the weight of the presumption; and third, the Court balances competing considerations against the presumption." *Badinelli v. Tuxedo Club*, 2018 WL 6411275, at *1 (S.D.N.Y. Dec. 6, 2018) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006)).

"A 'judicial document' or 'judicial record' is a filed item relevant to the performance of judicial functions and useful in judicial processes." *Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (internal citation omitted). "For example, summary judgment motions and related supporting documents, and pretrial motions and related supporting documents, are judicial documents because they directly affect adjudication or determine substantive rights." *Uni-Sys., LLC. v. United States Tennis Ass'n, Inc.*, 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (collecting cases).

"As to the second and third steps, the weight of the presumption of access 'will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Badinelli*, 2018 WL 6411275, at *1 (quoting *Lugosch*, 435 F.3d at 119). "Then, the Court may consider countervailing factors such as the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotations omitted).

CDChoices acknowledges that its amended complaint, preliminary injunction memorandum, reply and supplemental declaration are judicial records and, therefore, presumptively publicly available. *See* Dkt. No. 16-1 at 3; Dkt. No. 41-1 at 2. PPL likewise notes that the materials it seeks to keep redacted are judicial records. *See* Dkt. No. 37-1 at 2 ("[T]he documents in question are 'judicial documents'[.]").

The bases for the respective redaction requests are that the materials reference or quote provisions of the parties' subcontracting agreement (Dkt. Nos. 14-3, 14-9), which the parties have designated as proprietary and confidential pursuant to that agreement. *See* Dkt. No. 37-1 at 1–2 ("As noted in CDChoices' motion to seal, the Agreement provides that '[t]his Agreement and its terms shall be treated as Proprietary and Confidential Information.' The Agreement also requires the parties to 'preserve Proprietary or Confidential Information securely and in strict confidence' and 'shall not disclose the Proprietary or Confidential Information to any third party without prior written authorization from the Disclosing Party.'") (citing Ex. C, Dkt. No. 14-9 § 14 (c), (e), (o)); *see also* Dkt. No. 37-1 at 2 ("As the Agreement requires that its terms be maintained in confidence, specific references to its terms must be redacted. PPL's requested redactions are narrowly tailored to portions of its Memorandum of Law and Exhibit F that quote or refer to specific provisions within the Agreement."); Dkt. No. 16-1 at 3 ("Specifically, Section

14(o) prohibits the public disclosure of the contents of the Agreement. CDChoices thus moves to comply with the confidentiality provision of the Agreement[.]"); Dkt. No. 41-1 at 1 ("CDChoices is seeking to redact portions of the Reply and an attached Supplemental Declaration from Christopher Graber ("Supplemental Declaration") pursuant to the parties' Subcontractor Agreement's (the "Agreement") confidentiality provision."); Dkt. No. 49-1 at 2 ("As the Agreement requires that its terms be maintained in confidence, specific references to its terms must be redacted.").

The parties' entire basis for sealing is the purportedly confidential nature of their written agreement.  This argument is unpersuasive.  A confidentiality agreement is hardly enough to demonstrate that a movant has overcome the strong presumption of public access. *See Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010) ("The mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary.") (internal quotations omitted); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 471 (S.D.N.Y. 2017) ("[T]he preservation of . . . bargained-for confidentiality does not overcome the presumption of access to judicial documents."); *Pioneer Bus. Servs., LLC v. VistaJet US, Inc.*, 2024 WL 1381411, at *5 (S.D.N.Y. Mar. 29, 2024) ("Broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test for sealing judicial documents.") (internal alterations omitted).  A review of the motion does not indicate any other basis on which sealing might be justified, and the Court's independent review of the materials confirms that no such basis is likely to be found.

### III. CONCLUSION

The subcontracting agreement provides the entire foundation for this case.  Beyond their confidentiality agreement, the parties offer no other rationale for sealing these filings and the

Court finds none of its own. Thus, the parties fail to make a sufficient showing necessary to overcome the presumption of access. Accordingly, the motions to seal (Dkt. Nos. 16, 37, 41, 49) are **DENIED**. The Clerk of Court is **DIRECTED** to **UNSEAL** the following filings:

- Compl., Dkt. No. 1-2;
- Ex. C, Dkt. No. 5-7;
- Am. Compl., Dkt. No. 14-9;
- Ex. C, Dkt. No. 14-10;
- Pl.'s Memo, Dkt. No. 15-7;
- Def.'s Opp., Dkt. No. 34-1;
- Ex. F to Drexler Decl., Dkt. No. 36-14;
- Decl. of Deborah Drexler, Dkt. No. 36-15;
- Pl.'s Reply, Dkt. No. 40-5;
- Decl. of Christopher Graber, Dkt. No. 40-6.
- Def.'s Mot. to Dismiss, Dkt. No. 48-2.

**SO ORDERED.**

Dated: 9/3/2025

Anthony J. Brindisi
U.S. District Judge