# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIZA ENGESSER, MARISOL GETCHIUS, GEETANJALI SEEPERSAUD by her Next Friend SAVITRI SEEPERSAUD, and MARIA JAIME on her own behalf and as Next Friend to Y.P.S. and C.P., individually and on behalf of all persons similarly situated; BROOKLYN CENTER FOR INDEPENDENCE OF THE DISABLED, and REGIONAL CENTER FOR INDEPENDENT LIVING,<br><br>Plaintiffs,<br><br>-against-<br><br>JAMES V. MCDONALD, as Commissioner of the New York State Department of Health,<br><br>Defendant. | Case No.: 1:25-cv-01689<br><br>**PRELIMINARY INJUNCTION** |

  **WHEREAS** the Consumer Directed Personal Assistance Program ("CDPAP") is a New York State Medicaid Program intended "to permit chronically ill and/or physically disabled individuals [referred to as 'consumers'] receiving home care services greater flexibility and freedom of choice in obtaining such services," N.Y. Social Services Law ("SSL") § 365-f(1); 18 New York Codes, Rules, and Regulations ("NYCRR") 505.28(a);

  **WHEREAS** under CDPAP, the consumer may select and retain personal care aides (referred to as a "personal assistant" or "PA") to assist with their home care needs;

  **WHEREAS** to participate in CDPAP, each consumer is required to assume responsibilities, including, but not limited to, recruiting, hiring, training, scheduling, and supervising their PAs, *see* SSL § 365-f(3);

  **WHEREAS** in the fulfillment of their responsibilities, the consumer works with a Fiscal Intermediary ("FI") that performs administrative functions such as wage and benefit processing for PAs, processing all income tax and other required wage withholdings, and maintaining

1

employment records on behalf of the consumer, *see* SSL § 365-f(4-a)(a)(i)-(ii); 18 NYCRR 505.28(b)(6) and (i);

**WHEREAS** on April 20, 2024, the New York State Legislature passed an amendment to CDPAP's governing statute (hereinafter "the CDPAP Amendment"), SSL § 365-f to address certain financial, administrative, and compliance concerns;

**WHEREAS** the CDPAP Amendment required the Department to issue a Request for Proposals ("RFP") to contract with a single statewide FI to perform the FI role for CDPAP ("Statewide FI"), *see* SSL § 365-f(4-a);

**WHEREAS** on September 27, 2024, Public Partnerships, LLC ("PPL") was selected as the Statewide FI;

**WHEREAS** the CDPAP Amendment provides that "[e]xcept for the [contracted] statewide fiscal intermediary and its subcontractors, as of April first, two thousand twenty-five, no entity shall provide, directly or through contract, fiscal intermediary services," *see* SSL § 365-f(4-a-1)(a);

**WHEREAS** as of March 31, 2025, there were CDPAP consumers who had not fully transitioned to PPL;

**WHEREAS** on or about March 24, 2025, DOH announced that Consumers and PAs would be permitted an additional 30 days to register with PPL, by April 30, 2025, such that those PAs will receive payment from PPL for all days worked in April 2025 upon registration;

**WHEREAS** Plaintiffs filed this action on March 26, 2025, and moved for entry of a temporary restraining order and preliminary injunction on March 27, 2025;

**WHEREAS** the Court granted a temporary restraining order on March 31, 2025, and entered a further Order clarifying the temporary restraining order on April 2, 2025;

**WHEREAS** no plaintiff class has been certified to date, Plaintiffs reserve the right to make any motion for class certification, and Defendant reserves the right to oppose any motion for class certification;

**WHEREAS** Plaintiffs and Defendant James V. McDonald, sued in his official capacity as Commissioner of the New York State Department of Health ("DOH" or the "Department") (together, the "Parties"), desire to resolve Plaintiffs' motion for a temporary restraining order and preliminary injunction without further litigation and without admission that a motion for such relief is appropriately granted; and

2

**WHEREAS** this Stipulation and Order will allow for Consumers to continue receiving services and PAs to continue to be paid while Consumers and PAs fully transition to a single Statewide FI.

**IT IS HEREBY AGREED AND ORDERED AS FOLLOWS**:

I. Definitions
   a. "Fully Registered Consumer" means a consumer who has themselves or through a Designated Representative:
      i. Completed the necessary steps for registration with PPL; and
      ii. Signed the required memorandum of understanding with PPL.
   b. "Fully Onboarded Personal Assistant" means a Personal Assistant who has completed all legal requirements to become a PPL employee, including employment eligibility verification, and has been notified that the PA is Fully Onboarded.
   c. "MCO" shall have the same meaning as a Managed Care Provider pursuant to SSL § 364-j.
   d. "LDSS" means Local Departments of Social Services established pursuant to Article 2 of the Social Services Law.
   e. "Authorization" means the authorization for services by an MCO or LDSS pursuant to 18 NYCRR 505.28(d)(3)(i).
   f. "Facilitators" means entities subcontracted with PPL to perform services on behalf of the consumer to facilitate the consumer's role as the employer pursuant to SSL § 365-f.
   g. "Prior FI" means the FI with which the Consumer was enrolled on March 31, 2025.
   h. "Expiration Date" means June 6, 2025, or any later date set by the Court.
   i. "CDPAP Amendment" means Part HH of Chapter 57 of the New York Session Laws of 2024 that amended subdivision 4-a(ii-a) and added subdivision 4a-1(a) (*see* Section 3 of Part HH) to SSL § 365-f.
   j. "New Consumer" means a consumer who seeks CDPAP services after March 31, 2025 or who continues CDPAP services while voluntarily changing MCOs.
   k. "Registration Deadline" means May 15, 2025.
   l. "Stipulation and Order" means this Stipulation and Proposed Preliminary Injunction submitted for the Court's approval on April 9, 2025.

3

  m. "Designated Representative" shall have the same meaning as Designated Representative pursuant to 18 NYCRR 505.28(b)(5).

II. Employment and Payment of PAs through Pendency of Preliminary Injunction

  a. DOH shall take the following actions to ensure that the PAs working with Consumers who were receiving care as of March 31, 2025 shall continue to be timely paid for their services and receive statutory benefits consistent with applicable labor and employment laws, as set forth in this Section, while Consumers who received care as of March 31, 2025 complete registration, and their PAs are fully onboarded, with PPL.

  b. DOH shall issue sufficient instructions to PPL, MCOs, and LDSS to ensure that they can comply with this Stipulation and Order.

    i. DOH shall provide copies of such instructions to Plaintiffs' counsel and consider any feedback. Plaintiffs' counsel shall be permitted to post the instructions publicly on their website as agreed upon with DOH.

  c. Category A: "Fully Registered Consumer, Fully Onboarded PA" Group

    i. This Category covers employment and payment of PAs who are Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.

    ii. PAs who are Fully Onboarded with PPL shall be employed and fully and timely paid by PPL back to the later of (a) April 1, 2025, or (b) the last date for which the PA was paid by their Prior FI.

    iii. Fully Onboarded PAs in this group may submit time records to PPL via PPL's program application; via telephone call to PPL; and via paper time sheets to PPL. PPL shall not require prior approval to submit paper time sheets for any time sheets submitted on or before April 26, 2025.

  d. Category B: "Fully Registered Consumer, Not Fully Onboarded PA" Group

    i. This Category covers employment and payment of any PAs who are not Fully Onboarded with PPL, and whose Consumers are Fully Registered with PPL.

    ii. PAs who are not Fully Onboarded with PPL shall either be employed and paid by the Prior FI while they complete the onboarding process with PPL, or be directed to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section.

4

  iii. Consumer Election

    1. At the Consumer's election, the PA will be employed and paid by the Prior FI, provided that the Requirements set forth below are satisfied.

    2. The Consumer may express this election personally or through the Consumer's Designated Representative, through any reasonable means, including but not limited to, via telephone call or email to the Consumer's MCO or LDSS. MCOs and LDSS shall be instructed to accept elections submitted by these methods. DOH shall make publicly available guidance that a Consumer can reference when communicating with the MCO or LDSS regarding this election.

  iv. DOH will direct any MCO or LDSS that receives an election by a Consumer or their Designated Representative under this Section, and where the Requirements below are satisfied, to make arrangements to immediately reinstate the Consumer's Authorization with the Prior FI.

  v. Requirements: A Consumer or their Designated Representative may request that any PA who is not yet fully onboarded receive payment from the Prior FI, provided that:

    1. The Consumer's MCO or LDSS is capable of updating the Consumer's authorization to the Prior FI in sufficient time for the worker to be paid within seven (7) days;

    2. The Prior FI exists, is operational, has no other legal impediments to employing or paying PAs, made timely payments through March 31, 2025, and agrees to employ and make timely payments to the PA until such time as the PA becomes a Fully Onboarded PA;

    3. The Prior FI agrees to an economic arrangement with the applicable MCO or LDSS that is not significantly different from the arrangement that existed immediately prior to April 1, 2025, including without limitation the payment for such services; and

    4. The Prior FI agrees not to make misrepresentations to any Consumer or PA regarding the CDPAP Transition.

5

  vi. If any of the above Requirements are not met, then the Consumer and the Consumer's PAs will be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section.

 e. Category C: "Not Fully Registered Consumers" Group

  i. This Category covers employment and payment of all PAs whose Consumers are *not* Fully Registered with PPL.

  ii. PAs whose Consumers are not Fully Registered with PPL shall either be employed and paid by the Prior FI or shall be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra,* as set forth in this Section.

  iii. Consumer Election:

   1. At the Consumer's election, the PA will be paid by the Prior FI provided that the Requirements set forth in Section II.d.v are satisfied.

   2. DOH shall direct MCOs and LDSS to contact all Consumers who are not Fully Registered with PPL by direct contact to the Consumer through the Consumer's preferred means within five days from the date that the Court enters this Order. By the next business day after the five day period, DOH will update Plaintiffs' Counsel on the status of this outreach.

   3. In addition to this outreach, the Consumer may express this election personally or through the Consumer's Designated Representative, through other means, including via telephone call or email to the Consumer's MCO or LDSS. MCOs and LDSS shall be instructed to accept elections submitted by these methods. DOH shall make publicly available guidance that a Consumer can reference when communicating with the MCO or LDSS regarding this election.

  iv. DOH will direct any MCO or LDSS that receives an election by a Consumer under this Section, and where the Requirements set forth in Section II.d.v are satisfied, to make arrangements to immediately reinstate the Consumer's Authorization with the Prior FI.

  v. A Consumer or their Designated Representative may request that any PA who is not yet fully onboarded receive payment from the Prior FI, provided that the Requirements set forth in Section II.d.v are satisfied.

6

      vi. If any of the Requirements set forth in Section II.d.v are not met, then the Consumer and the Consumer's PAs will be directed by the MCO or LDSS to the Expedited PPL Onboarding Mechanism, *see infra*, as set forth in this Section. All Consumers in Category C should become Fully Registered Consumers with PPL as soon as possible but in no event later than the Registration Deadline to allow their PAs to be Fully Onboarded PAs by the Expiration Date.

  f. Moving from Category B or C to Category A

      i. DOH will direct PPL that, at the point any PA who was previously not Fully Onboarded with PPL becomes Fully Onboarded with PPL, PPL must:

        1. Inform the Consumer, the Consumer's Designated Representative, if any, and the PA via email and phone that the PA is employed and will be paid by PPL, and the date payment begins;

        2. Provide the PA, the Consumer's Designated Representative, if any, and Consumer with instructions for submitting and approving time; and

        3. Fully and timely pay the PA back to the later of (a) April 1, 2025, or (b) the last date for which the PA was paid by the Prior FI, whichever date is the more recent.

  g. Expedited Authorization:

      i. For any Consumer who is Fully Registered with PPL but whose Authorization has not been transferred to PPL, DOH will continue to prioritize the transfer of those Authorizations.

  h. Expedited PPL Onboarding Mechanism:

      i. DOH will put in place a process for urgent onboarding of PAs who are not Fully Onboarded with PPL. (*See* Sections II.d.ii and II.e.ii above.). This process will include:

        1. Intensive and direct outreach by DOH;

        2. Expansion of DOH's dedicated CDPAP transition team;

        3. Establishment of a dedicated DOH phone line, which shall be made publicly available;

        4. Provision of access to PPL's technology systems by MCOs;

        5. Consumer in-home visits by Facilitators and/or MCOs;

        6. Availability of in-person community office visits; and

        7. PPL staff to be placed in-person community offices.

    i. Prioritization:

        i. DOH shall, and shall direct MCOs, LDSS, and PPL to prioritize their resources to address the Consumers and PAs in Category A first, then Category B, then Category C.

        ii. Within each Category, DOH shall, and shall direct MCOs, LDSS, and PPL to prioritize Consumers with highest acuity and their PAs.

        iii. DOH shall and shall direct PPL to establish a dedicated process for Consumers who are not Fully Registered, and/or Consumers whose PAs are not Fully Onboarded, who receive services through LDSS.

    j. Nothing in this Stipulation and Order applies to New Consumers.

    k. This Stipulation and Order does not prevent DOH or PPL from continuing to transition Consumers and their PAs to PPL.

III. This Stipulation and Order vacates and supersedes the March 31, 2025 TRO as amended by the Court's April 2, 2025 Order.

IV. Timeline

    a. Defendant's time to answer, move, or otherwise respond to the Corrected Class Action Complaint, ECF No. 32, is hereby extended to the Expiration Date or any date further ordered by the Court.

    b. Nothing in this Stipulation and Order limits Plaintiffs' rights to seek an extension of the Expiration Date.

    c. DOH will not oppose any request for a reasonable extension of the Expiration Date that is based on PPL's administrative capacity to timely register Consumers who wish to become Fully Registered Consumers and onboard PAs who wish to become Fully Onboarded PAs.

    d. This Stipulation and Order shall remain in effect until the later of the Expiration Date or any date further ordered by the Court.

V. Reservation of Rights

    a. Nothing in this Stipulation and Order waives or compromises the rights of any Consumer under the Medicaid Act or other provision of law, including but not limited

        to, Consumers' rights to notice, an opportunity to be heard, and aid-continuing before any reduction, suspension or termination of services, as set forth in Plaintiffs' Corrected Class Action Complaint.

       b. Nothing in this Stipulation and Order compromises or waives any Party's claims or defenses as to the merits of this Action.

       c. Nothing in this Stipulation and Order diminishes the rights of PAs under federal or state labor or employment laws.

VI. Continued Communication Between the Parties During the Pendency of this Stipulation and Order

       a. With consent of the Consumer, Plaintiffs' counsel may provide DOH with the appropriate personal identifying information of any Consumer not Fully Registered with PPL or whose PAs are not Fully Onboarded with PPL. DOH will use, and will instruct PPL to use, best efforts to address the situation expeditiously and update Plaintiffs' counsel.

       b. Plaintiffs' counsel may provide DOH with a description of ongoing technical, practical and logistical problems with respect to PPL, and DOH shall direct PPL to address those problems where appropriate.

       c. DOH will provide Plaintiffs' counsel with weekly data to be negotiated.

       d. DOH will meet with Plaintiffs' counsel weekly.

       e. The Parties agree to enter into a confidentiality agreement or order to cover the exchange of information pursuant to this Section, to be negotiated at a later date.

VII. Neither Plaintiffs nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status by virtue of this Stipulation and Order.

VIII. Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this Action whatsoever. Any actions taken pursuant to this Stipulation and Order are made solely to avoid the burdens and expenses associated with the Motion for Preliminary Injunction, and this Stipulation and Order and the actions taken pursuant hereto are not to be deemed an admission by Defendant of liability or wrongdoing or that Defendant has violated any of Plaintiffs' rights as contained in the statutes, regulations, Constitutions or other applicable law of the United

9

States or the State of New York, and will not independently give rise to a claim against Defendant or the State of New York.

IX. This Stipulation and Order shall not in any manner be construed as determinative of the issues or claims raised in this Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Stipulation and Order shall not bind or collaterally estop Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

X. The Parties can amend this Stipulation and Order in writing, subject to approval by the Court.

XI. DOH is immediately and preliminarily enjoined from implementing any sections of the CDPAP Amendment to the extent that they are inconsistent with this Stipulation and Order.

XII. The headings contained in this Stipulation and Order are for ease of reference only and are not a material part of this Stipulation and Order.

XIII. Notwithstanding the provisions of this Stipulation and Order, DOH reserves the right to implement, change, or otherwise alter or amend the procedures and requirements of this Stipulation and Order if required by intervening changes in federal or state statutes or regulations that are inconsistent with the terms herein.

UNITED STATES DISTRICT JUDGE

/S/ Frederic Block
_____

Issued: April __10__, 2025