# EXHIBIT E



Office of the General Counsel
17 Plaza Drive
Latham NY 12110

April 1, 2025

**VIA EMAIL**

Christopher Graber
Chief Executive Officer
7 Washington Square
Albany NY 12205
chris@cdchoices.org

Dear Mr. Graber:

Public Partnerships LLC (PPL) has learned that your organization has made public statements to personal assistants (PAs) working in the Consumer Directed Personal Assistance Program (CDPAP) that may be false, coercive or deceptive, and that may jeopardize our working relationship.

Specifically, we have learned that you have made the following public statements about the temporary restraining order issued yesterday:

- That the transition of PAs to PPL "has been paused."
- That there will be "no changes to [a PAs] current employment or EVV system until further notice."
- That PAs should "continue to use the Caretime System for Electronic Visit Verification (EVV)."
- That PAs must "not begin using PPL's Time4Care system until further notice."

These statements are false. The transition of PAs to PPL has not been "paused." The court order does not prevent PPL from continuing to register and process consumers and PAs, from servicing consumers who have registered with PPL, or from servicing and paying the PAs associated with the large majority of CDPAP consumers who have registered with PPL. Your statements to the contrary are exacerbating the fear and confusion now being experienced by CDPAP participants and illegally harming PPL's business.

We have also learned that you have taken the position that the court order allows PPL to service PAs and consumers only if the PAs are "cleared to work" by PPL. This is also not true. There is no "cleared to work" status with PPL. The court order is based on consumers who register with PPL: the only relevant factor in determining whether a consumer falls within the scope of the TRO is whether the consumer has registered with PPL, and the vast majority of



CDPAP consumers have done so. Therefore, most consumers and PAs currently in CDPAP are not within the scope of the court order.

<u>We hereby notify you that you must immediately cease and desist from making any further statements that state or suggest that consumers or PAs should cease or slow their efforts to register with PPL or that PAs should continue to submit time to their current facilitators.</u>

You are also directed to immediately issue a correction to your previous public statements, making it clear that all consumers and PAs should continue registering with PPL and should submit time on PPL's EVV app, as soon as they are able.

In addition, as we stated in the letter that you received this morning, as our trusted facilitator partner, we expect you to (1) act at all times in the best interests of consumers and PAs, and (2) fulfill your contractual duties to PPL and to the program.

To do so, you must continue to assist consumers and PAs in the process of completing their registration with PPL, including providing onboarding support, providing guidance on using PPL's EVV system, and providing other support as detailed in the contract's scope of work.  If asked about the TRO, we expect you to respond that the TRO is limited in scope, temporary in nature, and should not affect their registration efforts.  We expect you to counsel consumers who have already taken registration steps with PPL that their best course of action is to continue as planned with PPL, and to counsel workers that they should start submitting time to PPL.

If you are unable or unwilling to comply with these directives, please let us know, so that we can make plans to assign your consumers to other facilitators and end our contractual relationship.

Thank you for your attention to this matter.  If you have any questions about this matter, please have your attorney contact me directly at ddrexler@pplfirst.com.

Sincerely,

*Deborah Drexler*

Deborah Drexler
General Counsel


cc:     New York Department of Health
        Maria Perrin, President
        Vincent Coppola, CEO