**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER DIRECTED CHOICES, INC., *Plaintiff*, v. PUBLIC PARTNERSHIPS, LLC, *Defendant*. | Case No. 1:25-CV-0868 (AJB/DJS) |

**JOINTLY STIPULATED PROPOSED DISCOVERY CONFIDENTIALITY ORDER AND HIPAA QUALIFIED PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information and/or "protected health information," as that term is used in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), protected by state and federal laws, confidential commercial or financial information, or other information that may be produced in discovery subject to appropriate limitations;

And it appearing further that legitimate interests warrant that such information remain confidential and that there is a substantial risk that clearly defined and serious injury or harm to the parties' and unrepresented non-parties' legitimate proprietary interests will result should this Order not be entered;

And it appearing further that the discovery of confidential health information is implicated by Plaintiff's claims in this action, and this Discovery Confidentiality Order is accordingly intended to provide protection sufficient to constitute a Qualified Protective Order under HIPAA and the regulations promulgated under its aegis, see 45 C.F.R. § 164.512(e)(1)(ii);

And the parties having agreed that it is necessary to establish common procedures to limit the necessity for objections or subsequent motions seeking to limit discovery and/or the

use of such information, and facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other uses of this information;

IT IS on this 11th day of September 2026;

ORDERED as follows:

1. Any party to this litigation and any non-party[1] shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets; competitively sensitive technical, marketing, financial, sales data; or other confidential business information including but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, and/or confidential project-related information; or (b) that contains private or confidential personal information of any party or non-party; or (c) that contains information received in confidence from non-parties; or (d) records or information restricted or prohibited from disclosure by statute or regulation or that is subject to a contractual or other duty of confidentiality owed by the producing party to non-parties; or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure; or (f) other information that the Court designates as confidential; or (g) any information copied or extracted from the previously described materials including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that may reveal the information contained within the underlying confidential material (hereinafter "Confidential Material"). Any party to this litigation or any non-party covered by this Order, who produces or discloses any discovery materials it wishes to designate as Confidential, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

---

1 For purposes of this Order, a "non-party" is defined as "any natural person, partnership, corporation, association, governmental organization or other legal entity not named as a Party to this Action."

2. Any party to this litigation and any non-party shall have the right to designate as "Highly Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party (hereinafter "Highly Confidential Material"). Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any discovery materials it wishes to designate as Highly Confidential, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Highly Confidential").

3. Any party to this litigation and any non-party who is disclosing any information, document, or thing, or portion of any document or thing that contains Protected Health Information, as defined in Paragraph 3.1, shall designate such material and mark the same with the following or similar legend: "PROTECTED HEALTH INFORMATION – ATTORNEYS' EYES ONLY" or "PROTECTED HEALTH INFORMATION – ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Material").

3.1. For the purposes of this Discovery Confidentiality Order and HIPAA Qualified Protective Order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Without limiting the definition and merely for purposes of illustration, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual. Protected Health Information shall also

include the Personally Identifiable Information ("PII") of any individual who receives Medicaid services under New York's Consumer Directed Personal Assistance Program ("CDPAP") (hereinafter referred to as "Consumers"). PII shall mean any information that identifies or could reasonably be used to identify a Consumer, including but not limited to names, addresses, telephone numbers, email addresses, dates of birth, Social Security numbers, medical record numbers, Medicaid identification numbers, or other unique identifiers. PII shall not, however, mean the information of Personal Assistants ("PAs") who provide services to CDPAP Consumers.

3.2. Upon the entry of this Order by the Court, all "covered entities" and "business associates" (as defined by 45 C.F.R. § 160.103) are authorized to disclose Protected Health Information as necessary to comply with, and subject to the limitations of the Federal Rules of Civil Procedure, the discovery served in this case and the Orders of this Court. The parties to the litigation and their attorneys are authorized to receive, subpoena, request, and transmit Protected Health Information to comply with and subject to the limitations of the Federal Rules of Civil Procedure, the discovery served in this case and the Orders of this Court.

3.3. No filing submitted to the Court shall contain unredacted Attorneys' Eyes Only Material unless filed under seal pursuant to Local Rule 5.3 and any applicable individual practice rules. If a party chooses not to file under seal, it must redact all Attorneys' Eyes Only Material in public filings.

3.4. Except as provided herein, use of Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material for any purpose other than the preparation for trial or appeal of this Action or in connection with motion practice or settlement negotiations in this Action is prohibited, absent prior approval of this Court, sought on notice to the other Parties and the producing party.

4. Information produced and marked as **Confidential** Material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel, in accordance with any individual procedures established by the assigned District Judge or Magistrate Judge;

e. Any deponent (including witnesses being prepared for deposition), provided that said person has executed a non-disclosure agreement in the form attached hereto as Exhibit A;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that said vendor has executed a non-disclosure agreement in the form attached hereto as Exhibit A;

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean officers, directors, or employees of a party whose access to the information is necessary for purposes of preparation, discovery, mediation, hearings, settlement, or administration of this lawsuit;

h. To such other persons as counsel for the producing party agrees in advance, provided that said person has executed a non-disclosure agreement in the form attached hereto as Exhibit A; or

i. As Ordered by the Court.

5. Material produced as "Confidential" shall be used only by individuals permitted access to it under Paragraph 4. Material produced as "Confidential," copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. All deposition transcripts, including video or audio recordings, shall be treated as Attorneys' Eyes Only Material for a period of no more than twenty one (21) days following the date of the deposition. During this provisional period, the transcript and any exhibits shall not be disclosed to any person other than those authorized to receive Attorneys' Eyes Only Material under Paragraph 9, except that, during the provisional period, outside counsel for the parties may confer with their clients regarding the contents of the transcript but shall not provide copies of the transcript or exhibits until the provisional period expires.

Before the expiration of the twenty-one (21) day period, any party may designate specific pages and lines of the transcript, or any exhibits, as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material. Upon service of such designations, the transcript shall thereafter be treated in accordance with those designations. If no designations are made within the twenty-one (21) day period, the provisional Attorneys' Eyes Only status shall lapse as to any portions not specifically designated. Parties may also make designations on the record during the course of depositions where necessary.

7. Information produced and marked as **Highly Confidential** Material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel, in accordance with any individual procedures implemented by the assigned District Judge or Magistrate Judge;

e. Any individual or entity noticed for deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure or required to testify pursuant to a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, provided that said person has executed a non-disclosure agreement in the form attached hereto as Exhibit A;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided that said vendor has executed a non-disclosure agreement in the form attached hereto as Exhibit A;

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean officers, directors, or employees of a party whose access to the information is necessary for purposes of preparation, discovery, mediation, hearings, settlement, or administration of this lawsuit;

h. To such other persons as counsel for the producing party agrees, provided that said person has executed a non-disclosure agreement in the form attached hereto as Exhibit A; or

i. As Ordered by the Court.

8. Documents or information designated and produced as Highly Confidential Material shall be used only by individuals permitted access to it under Paragraph 7. Documents or information designated and produced as Highly Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. Information produced and marked as **Attorneys' Eyes Only** Material shall not be disclosed to the parties themselves absent written consent of the producing party or further order of the Court, and may be disclosed only to the following individuals under the following conditions:

a. Outside counsel of record for the receiving party and the attorneys, paralegals, and clerical staff employed by such counsel to assist in this action;

b. The Court, including necessary secretarial and law clerk personnel assisting the Court;

c. Experts or consultants retained by the receiving party's counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d. Any individual or entity noticed for deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure or required to testify pursuant to a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, provided that said person has executed a non-disclosure agreement in the form attached hereto as Exhibit A; or

e. As Ordered by the Court.

10. Documents or information designated and produced as Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under Paragraph 9. Documents or information designated and produced as Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

11. If counsel for a party receiving documents or information designated as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall notify the designating party or non-party of its objection to such designation in writing, which objection shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information qualifies for protection under this Order. Counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute regarding a designation under this Order cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court by motion in accordance with Local Rule 7.1, for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a challenge is asserted and state the basis for such challenge.

12. All requests to seal documents filed with the Court shall comply with Local Rule 5.3, and any individual procedures established by the assigned District Judge or Magistrate Judge. Pursuant to Local Rule 26.6, the parties acknowledge that a designation of material as Confidential Material is not sufficient to warrant sealing, and that requests for sealing shall be governed by Local Rule 5.3, notwithstanding the entry of this Discovery Confidentiality Order and HIPAA Qualified Protective Order.

13. If the need arises during any pre-trial Hearing before the Court for any party to disclose Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material, it may do so only after giving notice to the producing party and as directed by the Court.

14. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the information should have been designated Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material under this Discovery Confidentiality Order and HIPAA Qualified Protective Order.

15. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party

and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material under this Discovery Confidentiality Order and HIPAA Qualified Protective Order.

17. This Discovery Confidentiality Order and HIPAA Qualified Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order and HIPAA Qualified Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. The existence of this Order may be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

19. This Discovery Confidentiality Order and HIPAA Qualified Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

20. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source, or certify destruction of, all originals and unmarked copies of documents and things containing Confidential Material, Highly Confidential Material, and Attorneys' Eyes Only Material, and all copies of such material as well as excerpts, summaries and digests revealing such material; provided, however, that counsel may retain complete copies of all transcripts and pleadings (including any exhibits attached thereto), subject to the provisions of this Discovery Confidentiality Order and HIPAA Qualified Protective Order. Consistent with applicable bar rules, counsel may also retain their own work product, subject to the terms of this Order. To the extent a party requests the return of Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

21. The parties shall address with the Court at the final pre-trial conference all proceedings regarding the use of any document or piece of evidence designated under this Order at trial.

22. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

23. This Discovery Confidentiality Order and HIPAA Qualified Protective Order shall not be construed as, and does not constitute, a novation or alteration of any existing obligations of confidentiality a party may owe another party or a non-party. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this Order.

Dated: September 10, 2026
New York, New York

**JONES DAY**

By: [signature]
Rebecca C. Martin
Sophie Leff
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
rcmartin@jonesday.com
sleff@jonesday.com

B. Kurt Copper (pro hac vice)
2727 N. Harwood
Dallas, TX 75201
(214) 969-5163
bkcopper@jonesday.com

*Attorneys for Plaintiff Consumer Directed Choices, Inc.*

**COZEN O'CONNOR P.C.**

By: */s/ Amanda Giglio*
Amanda Giglio (pro hac vice)
Andrew Vazquez (pro hac vice)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 453-3984
agiglio@cozen.com
avazquez@cozen.com

Walter M. Foster (pro hac vice)
200 State Street, Suite 1105
Boston, Massachusetts 02109
Tel: (617) 849-5012
wfoster@cozen.com

*Attorneys for Defendant Public Partnerships LLC*

IT IS SO ORDERED

Dated: 9/11/26

[signature]
Magistrate Judge Daniel Stewart

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER DIRECTED CHOICES, INC.,<br>*Plaintiff,*<br>v.<br>PUBLIC PARTNERSHIPS, LLC,<br>*Defendant.* | Case No. 1:25-CV-0868 (AJB/DJS) |

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY**
**ORDER AND HIPAA QUALIFIED PROTECTIVE ORDER**

I, ______________________________________, being duly sworn, state that:

1. My address is ___________________________________________________.

2. My present employer is __________________ and the address of my present employment is __________________________________.

3. My present occupation or job description is ______________________.

4. I have carefully read and understood the provisions of the Discovery Confidentiality Order and HIPAA Qualified Protective Order in this case signed by the Court, and I will comply with all provisions of the Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order and HIPAA Qualified Protective Order any Confidential Material, Highly Confidential Material, Attorneys' Eyes Only Material or any words, summaries, abstracts, or indices of such material disclosed to me.

6. I will limit use of Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material disclosed to me solely for purposes of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material, Highly Confidential Material, Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___________________________ ________________________________
[Name]